

State of New York
OFFICE OF THE ATTORNEY GENERAL
MEDICAID FRAUD CONTROL UNIT
Civil Enforcement Division, 120 Broadway, 13th Floor, New York, New York 10271-0007
(212) 417-5300
Fax: (212) 417-5335 (Not for service of papers)

ERIC T. SCHNEIDERMAN
Attorney General

AMY HELD
Acting Director

PAUL J. MAHONEY
Assistant Deputy Attorney General

October 13, 2015

Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *U.S. ex rel. Lee et al. v. Northern Adult Daily Health Care Center et al.*
      *Case No. 13-CV-4933 (MKB)(JO)*
      **Statement of Interest in Regard to Defendant's Motion to Dismiss (Docket #33)**

Dear Judge Brodie:

    Plaintiff the State of New York (the "State"), acting through the Office of the Attorney General, Medicaid Fraud Control Unit, respectfully submits this letter as a Statement of Interest in regard to defendant Northern Manor Multicare Center, Inc.'s (s/h/a Northern Adult Daily Health Care Center) (hereinafter referred to as "Northern") motion to dismiss the *qui tam* action filed by Relators Lee, Luckie and Gonzalez ("Relators") against defendant Northern, and Relators' opposition to same. While the State declined to intervene in this action on September 8, 2014, the State, along with the Federal Government, remains the real party of interest in this *qui tam* case. Accordingly, while the State takes no position on Northern's motion to dismiss Relators' Amended Complaint, the State does not agree with all grounds upon which defendant seeks dismissal. Specifically, the State joins in Relators' argument that their *qui tam* action is not barred under Section 190(9)(a)(ii) of the New York False Claims Act ("NY FCA").

    For the reasons set forth below, without taking a position on the merits of the other grounds upon which Northern seeks dismissal of the Relators' Amended Complaint, the State respectfully requests the Court deny Northern's motion to dismiss Relators' Amended Complaint on the ground that Relators' *qui tam* action has already been settled.

**Relators Action Is Not Barred Pursuant to NY FCA Section 190(9)(a)(ii)**

Defendant Northern improperly argues that the present action is barred under the NY FCA pursuant to State Fin. Law § 190(9)(a)(ii), which provides that the court shall dismiss a *qui tam* action under this article if:

> (ii) the state...has reached a binding settlement or other agreement with the person who violated section one hundred eight-nine of this article resolving the matter and such agreement has been approved in writing by the attorney general, or by the applicable local government attorney.

N.Y. State Fin. Law § 190(9)(a)(ii).

It is, in fact, undisputed that the State entered into a June 26, 2014, settlement agreement with Northern Metropolitan Foundation for Health Care, Inc.[1] and Northern Manor Multicare Center, Inc.[2] (hereinafter collectively referred to as "Northern"). However, the settlement agreement between the State and Northern was reached upon two very discrete grounds, namely:

(1) Northern Manor operated the ADHC Program as a medical model ADHC without a qualified social worker on staff to provide required ADHC social services; and

(2) On 63 days, the ADHC Program admitted more registrants than it was certified to treat by the New York State Department of Health.

See Exhibit A annexed to Relator's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, page 2 and page 3, ¶1.

As a result of the terms of said settlement agreement, the State released Northern solely for the above-mentioned covered conduct. Furthermore, specifically not released by the State was "any liability to the State (or its agencies) for any conduct other than the covered conduct." Id. at 7, ¶11.d. Relators' *qui tam* action alleges a far different spectrum of fraudulent conduct by defendant than the two discrete areas of conduct upon which a settlement agreement was reached. Furthermore, neither Relators' original Complaint nor the Amended Complaint even allege the conduct upon which the State and Northern reached its June 26, 2014, settlement agreement. Thus, defendant's reliance upon Section 190(9)(a)(ii) of the New York False Claims

---

[1] Northern Metropolitan Foundation for Health Care, Inc. is a non-profit corporation organized under the laws of the State of New York with its principal place of business located at 2000 Fountainview Drive, Monsey, New York 10957; it is the sole member of five healthcare entities in the State of New York, including but not limited to Northern Manor Multicare Center, Inc.

[2] Northern Manor Multicare Center, Inc. is a wholly-owned subsidiary of Northern Metropolitan Foundation for Health Care, Inc., and at all times relevant to the *qui tam* action, Northern Manor Multicare Center, Inc., a provider of nursing home services under the New York State Medical Assistance Program, operated Northern Manor Adult Day Health Care Program, an off-site medical model adult day health care program, which has been sued herein as Northern Adult Daily Health Care Center.

Act as a ground for dismissal is misplaced. There is no binding settlement between the State and defendant Northern on the conduct alleged in Relators Amended Complaint.

The State is not aware of any binding authority, nor does defendant rely on any such authority, that suggests that existence of a settlement agreement between a governmental entity and a defendant regarding defined conduct precludes the maintenance of a lawsuit against that same defendant for unrelated conduct.

For the reasons above, the State respectfully requests that the Court deny defendant's motion to dismiss Relators' Amended Complaint on the ground that this *qui tam* action has already been settled pursuant to N.Y. State Fin. Law § 190(9)(a)(ii). The State takes no other position with regard to defendant's motion to dismiss upon other alleged grounds, or Relators' opposition to same.

            Respectfully submitted

            ERIC T. SCHNEIDERMAN
            Attorney General of the
            State of New York

By:   _____
            Jill D. Brenner
            Special Assistant Attorney General
            Medicaid Fraud Control Unit
            120 Broadway, 13th Floor
            New York, New York 10271
            Telephone: (212) 417-5377
            Facsimile: (212) 417-5335

Cc:  Robert W. Sadowski, Esq.
    39 Broadway, Suite 1540
    New York, NY 10006

    Noah Kinigstein, Esq.
    315 Broadway, Suite 2100
    New York, NY 10007

    Petro Zinkovetsky, Esq.
    432 Park Avenue South, 10th Floor
    New York, NY 10016

    Frank A. Hess, Esq.
    Peckar & Abramson, PC
    70 Grand Avenue
    River Edge, NJ 07661

Kenneth M. Abell, Esq.
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201