Robert W. Sadowski, Esq
ROBERT W. SADOWSKI PLLC
800 3rd Avenue, 28th Floor
New York, New York 10022
Tel. No.: (646) 503-5341
*Attorneys for Relator Orlando Lee*

Noah Kinigstein, Esq.
315 Broadway, Suite 200
New York, New York 10007
Tel. No.: (212) 285-9300
*Attorney for Relator Melville Luckie
and Relator Luz Gonzalez*

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA and NEW YORK STATE *ex rel.* ORLANDO LEE, MELVILLE LUCKIE and LUZ GONZALEZ, <br><br> Plaintiffs/Relators, <br><br> - against - <br><br> NORTHERN METROPOLITAN FOUNDATION FOR HEALTHCARE, INC., NORTHERN MANOR MULTICARE CENTER, INC. AND NORTHERN MANOR ADULT DAY HEALTH CARE PROGRAM, <br><br> Defendants. | Civ. No. CV 13-4933 (MKB) |

**OPPOSED PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO BAR ANY REFERENCE TO THE TREBLING OF DAMAGES AND IMPOSITION OF CIVIL PENALTIES**

*Qui tam* Plaintiffs/Relators Orlando Lee, Melville Luckie and Luz Gonzalez ("Relators"), by their undersigned counsel, hereby moves to bar any reference to the trebling of damages and the imposition of civil penalties under the False Claims Act as irrelevant to the jury's assessment of liability and calculation of actual damages under Federal Rules of Evidence 401 and 402 and more prejudicial than probative under Federal Rule of Evidence 403. In

support thereof, Relators state as follows:

1. Under the False Claims Act ("FCA"), 31 U.S.C. § 3729, the Court has a statutory duty to treble the damages sustained by the government and assess a civil penalty of no less than $5,500 and no more than $11,000 for each false or fraudulent claim identified by the jury. The New York State False Claims Act ("NYS FCA") contains similar same statutory penalties. *See* N.Y. Fin. L. § 189(h) ($6,000 to 12,000).

2. References to the trebling of damages and imposition of civil penalties are irrelevant to the claims that will be tried before the jury, specifically whether Northern submitted false claims for adult day care. As such, their reference is inadmissible. *See* FED. R. EVID. 401, 402. Under the FCA, it is the Court, not the jury, that applies the multiplier and assesses civil penalties. *Cook Cnty. v. United States ex rel. Chandler*, 538 U.S. 119, 132 (2003) ("[I]f [the jury] finds liability, its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier, just as the court alone sets any separate penalty.").[1] As mechanical duties left to the Court after the jury has returned its finding for actual damages, it is impossible that the trebling of damages or imposition of civil penalties could be "of consequence in determining the action." FED. R. EVID. 401; *see United States ex rel. Laymon v. Bombardier Transp.*, 656 F. Supp. 2d 540, 547 (W.D. Pa. 2009) ("[T]he United States Supreme Court has strongly implied that a jury in FCA cases is generally not to be instructed on the possibility of treble and civil penalties.").

3. Additionally, references to the trebling of damages and imposition of civil penalties are inadmissible under Federal Rule of Evidence 403 as they have no probative value, *see Cook Cnty.*, 538 U.S. at 132, and their inclusion would likely cause unfair prejudice by tempting the jury to adjust their damage finding accordingly. *CVD, Inc. v. Raytheon Co.*, 769

2

F.2d 842, 860 (1st Cir. 1985) (noting that there is a "danger that a jury may reduce a plaintiff's award to account for trebling"); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1243 (5th Cir. 1974) (remarking that "a jury might take the revelation of the treble damage provision as an intimation from the court to restrict the amount of damages"); *Semke v. Enid Auto. Dealers Ass'n*, 456 F.2d 1361, 1370 (10th Cir.1972) ("The consequence of advising the jury [that its verdict will be trebled] can only be that the jury will adjust its award accordingly . . . it serves no useful function . . . and it is potentially harmful.").

    4.    Further, courts have excluded references to the trebling of damages and imposition of civil penalties as irrelevant and unfairly prejudicial in analogous statutory contexts. *United States v. Estate of Rogers*, 2002 U.S. Dist. LEXIS 24282, *3 (E.D. Tenn. 2002) ("[t]he plaintiff's motion in limine to exclude from the jury any reference to the trebling of damages and imposition of civil penalties under the False Claims Act ... is GRANTED."). *See, also, Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987) (explaining that information regarding RICO's trebling provision is properly excluded because it "is irrelevant to a jury's deliberations and may confuse or prejudice the jury"), *cert. denied*, 492 U.S. 917, 109 S. Ct. 3241, 106 L. Ed. 2d 588 (1989); *Vidosh v. Holsapple*, No. 84CV2447DT, 1987 WL 273164, at *12-13, 1987 U.S. Dist. LEXIS 15749, at *39 (E.D. Mich. Feb. 2, 1987)("[T]o inform the jury of a treble damage provision will cause it to adjust its award accordingly and thus distort its true function of finding damages..."); *Rhue v. Dawson*, 173 Ariz. 220, 224, 841 P.2d 215, 229 (Ct. App. 1992)(informing the jury of trebling provision might thwart purpose of state RICO statute by inducing the jury to reduce or eliminate damage award). Likewise, commentators uniformly advise against bringing RICO's trebling provisions to the jury's attention. *See, e.g.*, 4 Sand, Siffert, Reiss & Batterman, Modern Federal Jury Instructions, § 84.06, at 84-74 to 75 (1993)("As in antitrust treble damages cases, it is not appropriate to inform the jury of trebling and attorneys

fee provisions."); 3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 100.11 at 841 (4th Ed. 1987); *Fujisawa Pharm. v. Kapoor*, No. 92 C 5508, 1999 WL 543166 (N.D. Ill. July 21, 1999) (granting plaintiff's motion to bar any reference to RICO's treble damage provision as irrelevant). This same reasoning applies to FCA and NYS FCA claims, and therefore references to the trebling of damages and imposition of civil penalties should be excluded.

We have reached out to opposing counsel, and we assume they will oppose this motion.

WHEREFORE, for the reasons set forth above, Relators respectfully request that the Court exclude any reference to the trebling of damages and imposition of civil penalties under the FCA and NYS FCA.

Dated: October 22, 2019

  s/Robert W. Sadowski
Robert W. Sadowski, Esq
ROBERT W. SADOWSKI PLLC
800 3rd Avenue, 28th Floor
New York, New York 10022
Tel. No.: (646) 503-5341
Fax. No.: (646) 503-5348
*Attorneys for Relator Orlando Lee*

Noah Kinigstein, Esq.
315 Broadway, Suite 200
New York, New York 10007
Tel. No.: (212) 285-9300
Fax. No.:
*Attorney for Relator Melville Luckie
and Relator Luz Gonzalez*

4