Robert W. Sadowski, Esq
ROBERT W. SADOWSKI PLLC
800 3rd Avenue, 28th Floor
New York, New York 10022
Tel. No.: (646) 503-5341
*Attorneys for Relator Orlando Lee*

Noah Kinigstein, Esq.
315 Broadway, Suite 200
New York, New York 10007
Tel. No.: (212) 285-9300
*Attorney for Relator Melville Luckie*
*and Relator Luz Gonzalez*

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA and NEW YORK STATE *ex rel.* ORLANDO LEE, MELVILLE LUCKIE and LUZ GONZALEZ, <br><br> Plaintiffs/Relators, <br><br> - against - <br><br> NORTHERN METROPOLITAN FOUNDATION FOR HEALTHCARE, INC., NORTHERN MANOR MULTICARE CENTER, INC. AND NORTHERN MANOR ADULT DAY HEALTH CARE PROGRAM, <br><br> Defendants. | Civ. No. CV 13-4933 (MKB) |

### OPPOSED PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY REFERENCES TO THE UNITED STATES' AND THE STATE OF NEWYORK'S INVESTIGATIONS AND DECISIONS TO DECLINE INTERVENTION

*Qui tam*  Plaintiffs/Relators Orlando Lee, Melville Luckie, and Luz Gonzalez

("Plaintiffs/Relators"),  by their undersigned counsel, hereby move to exclude any and all

evidence of and references to the United States' and the State of New York's investigations

and decisions not to intervene in this case as irrelevant under Federal Rules of Evidence 401

and 402 and more prejudicial than probative under Federal Rule of Evidence 403.  In support

thereof, Plaintiffs/Relators state as follows:

1.      Under the False Claims Act ("FCA"), 31 U.S.C. § 3730, the Attorney General has a statutory duty to investigate FCA violations and determine within sixty days whether the government will bring a civil action against the alleged perpetrator.  If the government declines to intervene in the case, the FCA allows for the relator to bring a *qui tam* action on behalf of the government.  31 U.S.C. § 3730(b).  The New York State False Claims Act ("NYS FCA") contains the same statutory provision.  *See* N.Y. Fin. L. § 190(2)(f).

2.      The governments' investigations and decisions not to intervene are not "of consequence" in determining whether Defendant Northern ("Northern") submitted false claims for reimbursement for the daily rate for discriminatory treatment of registrants to its adult day care program.  *See* FED. R. EVID. 401.  As such, any references to the investigations and decisions are inadmissible.  *See* FED. R. EVID. 401, 402. The United States Courts of Appeals have consistently held that the government's investigation and subsequent decision not to intervene in an FCA case should not be understood as a commentary on the case's merits or an indication of government disinterest.  *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (noting that the government's declination does not suggest that "the evidence of wrong doing was insufficient or the *qui tam* relator's allegations for fraud [were] without merit"); *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005) ("The [FCA] statute . . . does not require the government to proceed if its investigation yields a meritorious claim.  Indeed, absent any obligation to the contrary, it may opt out for any number of reasons."); *United States ex rel. Chandler v. Cook Cnty.*, 277 F.3d 969, 974 n.5 (7th Cir. 2002) ("There is no reason to presume that a decision . . . not to assume control of the suit is a commentary on its merits.  The Justice Department may have myriad

reasons for permitting the private suit to go forward."); *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1458 (4th Cir. 1997) (finding that the government's declination was "not an admission by the United States that it has suffered no injury in fact, but rather . . . a cost-benefit analysis"). By the same token, we would not expect the Defendants to permit an assumption that because the government did not move to dismiss the action under 31 U.S.C. § 3730(c)(2)(A), it concluded that our case is meritorious.

3.     The government itself has made clear on numerous occasions that, as a general matter, a decision to decline intervention is not a comment on the merits of a case. *See, e.g.*, The United States of America's Statement of Interest on Defendant Iasis Healthcare Co.'s Opposition to Relator Jerre Frazier's Motion to Transfer Venue, attached hereto as Exhibit A, *United States ex rel. Frazier v. Iasis Healthcare Corp.*, 812 F. Supp. 2d 1008 (2011) (No. 147) ("[Non-intervention] signals that the United States is not intervening—no more, no less."). Thus, references to and evidence regarding the governments' investigation and decision not to intervene are irrelevant to the merits of a case and should be barred pursuant to Federal Rules of Evidence 401 and 402.

4.     Additionally, references to the governments' investigation and declination have no probative value, and their inclusion would cause unfair prejudice by permitting jurors unfamiliar with the FCA to interpret the government's declination as a statement on the merits of this case. See FED. R. EVID. 403. Indeed, courts have previously excluded references to the government's declination because it is "subject to a variety of inferences . . . and we are inclined to consider its admission an unwonted [sic] thumb on the scales." See *United States ex rel. Bidani v. Lewis,* No. 97 C 6502, 2002 WL 31103459, at *1 (N.D. Ill. Sept. 19, 2002); see also *United States ex rel. Feldman v. Van Gorp*, No. 03 CIV 8135 (WHP), 2010

WL 2911606, at *2 (S.D.N.Y. July 8, 2010) (excluding the government's decision not to intervene as "irrelevant and unfairly prejudicial"); *United States ex rel. El- Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 20-22 (D.D.C. 2008) (excluding evidence of the government's investigation and inaction as it has "no probative value").

5.      Finally, permitting references to the government's investigation and decision not to intervene would be inconsistent with the purposes of the *qui tam* provision, 31 U.S.C. §3730(b), which allows—and indeed encourages—relators to pursue their actions after the government has declined. *See Berge*, 104 F.3d at 1458 ("[M]ost importantly, the plain language of the Act clearly anticipates that even after the Attorney General has 'diligently' investigated a violation . . . the Government will not necessarily pursue all meritorious claims; otherwise there is little purpose to the *qui tam* provision."); *El-Amin*, 533 F. Supp. 2d at 21 ("[A]ssuming the government looked unfavorably upon each *qui tam* action in which it did not intervene would seem antithetical to the purpose of the *qui tam* provision—to encourage private parties to litigate on behalf of the government."); *United States ex rel. King v. F.E. Moran, Inc.*, No. 00 C 3877, 2002 WL 2003219, at *11 (N.D. Ill. Aug. 29, 2002) (holding that equating the government's declination with the merits of the case would render the *qui tam* provision "superfluous").

We have reached out to opposing counsel, and we assume he will oppose this motion.

WHEREFORE, for the reasons set forth above, Plaintiffs/Relators respectfully requests that the Court exclude any reference to or evidence regarding the United States' and the State of New York's investigations and decisions not to intervene in this case.

Dated:  October 22, 2019                         5

              _s/Robert W. Sadowski_____
              Robert W. Sadowski, Esq.
              ROBERT W. SADOWSKI PLLC
              800 3rd Avenue, 28th Floor
              New York, New York 10022
              Tel. No.: (646) 503-5341
              Fax. No.: (646) 503-5348
              *Attorneys for Relator Orlando Lee*

              Noah Kinigstein, Esq.
              315 Broadway, Suite 200
              New York, New York 10007
              Tel. No.: (212) 285-9300
              Fax. No.:
              *Attorney for Relator Melville Luckie*
              *and Relator Luz Gonzalez*