UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA AND NEW YORK STATE, EX REL., ORLANDO LEE, MELVILLE LUCKIE AND LUZ GONZALEZ,

    Plaintiffs,

-against-

NORTHERN METROPOLITAN FOUNDATION FOR HEALTHCARE, INC., NORTHERN MANOR MULTICARE CENTER, INC. AND NORTHERN MANOR ADULT DAY HEALTH CARE PROGRAM,

    Defendants.

**Civil Action Number: cv-13-4933**

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

---

PECKAR & ABRAMSON, PC
70 Grand Avenue
River Edge, NJ 07661
Phone: 201-343-3434
Attorneys for Defendants Northern Metropolitan Foundation for Healthcare, Inc. and Northern Manor Multicare Center, Inc.

On the Brief:
Frank A. Hess

Defendants Northern Metropolitan Foundation for Healthcare, Inc. and Northern Manor Multicare Center, Inc. (collectively, "Defendants") respectfully submit this Brief in support of their motion *in limine.*

Motions *in limine* permit a trial court, in advance of trial, to rule on the admissibility of certain potential evidence. See, Luce v. U.S., 469 U.S. 38, 40 n.2 (1984); see also, Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Nat. Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp.2d 276, 283 (S.D.N.Y. 1996). Evidence that lacks any plausible grounds for its admission should be excluded in advance of trial to reduce the time and expense in preparing for trial. Stephen v. Hanley, 2009 WL 1471180, at *3 (E.D.N.Y. May 21, 2009).

Federal Rule of Civil Procedure ("FRCP") 26(a)(2) requires a party to disclose the identity of expert witnesses in advance. FRCP 37(c) provides that, "[i]f a party fails to provide information or identify a witness as required by [FRCP] 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion…or at trial ..., unless the failure was substantially justified or is harmless."

For all expert testimony, a party must disclose to the other the identity of the witness to testify at trial. Fed.R.Civ.P. 26(a)(2)(A). For a non-retained expert, the disclosure must contain "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence ("FRE") 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C).

A failure to comply with the disclosure requirements of FRCP 26 may result in the preclusion of such evidence under FRCP 37(c), unless the Court finds that the failure to disclose was "substantially justified or…harmless." Fed.R.Civ.P. 37(c).

Defendants seek to preclude the admissibility of a number of things disclosed by plaintiffs in the pretrial order. Defendants seek to preclude the plaintiffs from introducing, referring to and/or relying in any way upon purported expert testimony from undisclosed expert Sanjay Shah, of Paragon Management, and from any undisclosed "Representative of the New York Department of Health." These witnesses, one of which is not even named, were not disclosed in Initial Disclosures of Plaintiffs and were also omitted from Plaintiffs' answers to interrogatories. No disclosure was made until well after discovery closed. As such their testimony is not admissible.

The **Second Circuit** considers four factors in assessing whether to preclude evidence not previously disclosed: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." See Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006); see also Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir.1997).

> "The expert testimony beyond that which may be properly given by a treating physician is inadmissible because it was not properly disclosed as required by Rule 26(a)(2)(B), Fed.R.Civ.P., and this Court's scheduling order. [Defendant] has not had an opportunity to rebut the "retained expert" opinions of Dr. Gotesman through its own rebuttal expert. Moreover, the factors set forth in Design Strategy, (citations omitted) call for preclusion here; [Plaintiff] has failed to persuasively explain why he failed to make such a disclosure, and—as the remaining discussion demonstrates—he does not require these portions of Dr. Gotesman's testimony to prevail in opposing the present motion."

Id. See also Puglisi v. Town of Hempstead Sanitary District No.2, 2013 WL 4046263 (E.D.N.Y. Aug. 8, 2013). (noting that a treating physician can testify without becoming an expert witness as long as the testimony is based on his/her personal knowledge from consultation, examination and

2

treatment of the patient, *and provided the physician was specifically identified in disclosures*. Id. As a fact witness, or treating physician, the doctor was permitted to testify to "diagnosis, treatment, prognosis, and causation…[and] damages, but only to the extent [the opinion] was based upon information that was acquired as part of his treatment…and not through this litigation." Id at *7.

Defendants are entitled to an order precluding plaintiffs from mentioning or referring to the arrest of any employee of Defendants. Five employees were arrested, but only one resulted in a conviction—of a mere misdemeanor in a plea agreement. It is also totally unrelated to Plaintiffs' allegations of discrimination. To avoid undue prejudice and confusion of the jury, defendants are clearly entitled to an order precluding any references to the arrests. *E.g,, Nibbs v. Goulart*, 822 F.Supp.2d 339 (S.D. NY. 2011).

Defendants are entitled to an order precluding plaintiffs from mentioning or referring to the settlement or the negotiations relating thereto with the Attorney General the State of New York. Those negotiations and the settlement agreement are clearly inadmissible. *E.g., Levick v. Maimonides Medical Center,* No. 08 CV 03814, 2011 WL 1673782 (E.D. N.Y. May 3, 2011).

Plaintiffs have claimed, and apparently continue to claim, that they were themselves victims of employment discrimination or retaliation and are entitled to pursue individual damages. This court has dismissed those claims on summary judgment. Plaintiffs inexplicably list as evidence Mr. Lee's W2, his resume, his final paycheck, and an insurance termination letter as to Ms. Gonzalez. Plaintiffs should be precluded from arguing or mentioning claims that have been dismissed.

Plaintiffs have listed a plethora of documents that are clearly hearsay and inadmissible. This includes a Spanish language petition allegedly signed by Hispanic registrants dated June,

3

2009 (item 26), but actually concocted by Ms. Gonzalez. The petition describes in a very general way perceived misconduct but does even describe the identities of the individuals who allegedly discriminated or even if they were Defendants' employees or Registrants. Plaintiffs also list four "interview transcripts" (items 42-45). These witnesses were not subject to cross examination or other protections to test their veracity. The four transcripts are inadmissible hearsay.

Plaintiffs complain about the lack of personnel files, but Defendants did not destroy or omit files. Moreover, the files were lost prior to the unsealing of plaintiffs' lawsuit. Prior to that time, Defendant had no notice that plaintiffs intended to assert any claims. Defendants therefore had no duty to preserve the files. Defendants are entitled to an order precluding any reference of inference to the loss of the files.

Plaintiffs twice list as an exhibit an "Operating Certificate of Northern Manor Geriatric Center." (items 48-49), but that entity is not a defendant and is not accused of any misconduct.

Lastly, it is apparent that plaintiffs intend to rely on the aggregate liability rule rather than the Individual Proof Rule, which is accepted is in this jurisdiction. *In re Zyprexa Product Liability Litigation,* 671 F Supp.2d 397 (E.D.N.Y. 2009) (Weinstein, S.J. That is improper and should be rejected.

Dated: October 24, 2019

Respectfully submitted,

PECKAR & ABRAMSON, P.C

/s/ Frank A. Hess
Frank A. Hess

4199657_1